IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0514-13






APRIL HOPE WHITSON, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


YOUNG COUNTY





 Keller, P.J., filed a concurring opinion.


 The question here is which controls in the event of an internal conflict in an order extending
the term of community supervision: the months (or years) by which the term is extended or the
calendar date specified in the order. With all due respect, the Court's opinion begs the question.

 The Court does so by referring to appellant's term of community supervision as her "seven-and-one-half-year deferred adjudication." This assumes that the term of probation is measured by
years and months instead of by the specified calendar date. 

 There is no obvious answer to the question of which date should control in the usual case,
but as it turns out, there is an obvious answer in this case. Appellant executed written documents
waiving her right to a hearing and agreeing to extensions of one year (for the first extension) and
eighteen months (for the second extension). Because the trial court's orders were issued pursuant
to appellant's waiver and agreement to extension, (1) I would hold that the trial court was not
authorized to extend appellant's community supervision beyond the agreed-to one-year and eighteen-month periods. The State's motion to adjudicate was filed too late. 

 I concur in the Court's judgment.

Filed: May 7, 2014

Publish 
1. The first waiver is file-stamped "9:32 a.m." and the order is file-stamped "9:35 a.m."
The second waiver and order are both file-stamped "1:35 p.m."